LEWIS, J.
 

 The State appeals the trial court’s order granting David Lee Barnes’ motion for post-conviction relief and awarding a new trial. The State argues that the trial court erred in concluding that Barnes’ trial counsel rendered ineffective assistance by failing to request a jury instruction on the justifiable use of non-deadly force. For the reasons expressed below, we agree and reverse.
 

 Barnes was charged by amended information with the second-degree murder of Michael Speights (“the victim”). The information alleged that Barnes unlawfully killed the victim by stabbing him with a knife without a premeditated design. At trial, Barnes’ trial counsel argued in his opening statement that Barnes held out the knife only to “ward off’ the victim after the victim lunged at him and, as a result, the victim was accidentally wounded. Trial counsel asserted that because Barnes armed himself in self-defense, Barnes’ actions amounted to “lawful homicide, either excusable homicide or justifiable use of deadly force.”
 

 Charles Smith, an eyewitness to the altercation preceding the stabbing, testified that he saw Barnes and the victim exit his neighbor’s home, wrestle, fall over a railing, and land near the victim’s truck door. According to the Smith, after the victim opened his truck door and walked to the front of the vehicle, Barnes followed the victim and pulled out a knife. The victim backed away and circled around the vehicle. Barnes followed. When the victim stopped moving, Barnes approached the victim. Both men remained next to the vehicle for a few minutes. Later, Smith observed the victim fall to the ground, but did not see Barnes stab the victim.
 

 Investigator Mark Bailey testified that he interviewed Barnes at the Gulf County Sheriffs Office after Barnes was apprehended. The interview, which was taped, was played for the jury. In the interview, Barnes repeatedly stated that he acted in self-defense. He explained that the victim chased him, pinned him to the ground, and was carrying two knives. Barnes also stated it was possible that he “cut [the victim] with his own knife” but could not remember because “everything was ... a blur.” After the tape ended, Bailey testified that Barnes never explained the basis of his self-defense claim.
 

 In his defense, Barnes took the stand and testified that the victim was the aggressor and began the fight by throwing Barnes down the stairs of a mutual friend’s home. After he reentered the home and later decided to leave, Barnes grabbed a knife to use as “a deterrent” because he was afraid the victim would try to fight him again. When he left the house to walk to his car, Barnes heard the victim’s fast-approaching footsteps. As he turned, Barnes held out the knife with an outstretched arm and saw the victim with his hand raised in a striking position. Barnes maintained that he did not realize that as he turned, the knife penetrated the victim, accidentally impaling him.
 

 In his closing argument, trial counsel argued that the evidence presented, and
 
 *1247
 
 credible testimony confirmed, that Barnes’ use of deadly force in self-defense was reasonable because he was in imminent fear of harm.
 

 At the charge conference, trial counsel requested an instruction on the justifiable use of deadly force, but he did not request an instruction on the justifiable use of non-deadly force. The trial court granted the request for the instruction. Trial counsel did not object to the instructions as read. The jury ultimately found Barnes guilty of the lesser-included offense of manslaughter. Barnes was convicted and sentenced to ten years in prison and five years of probation with credit for 105 days’ time served. We per curiam affirmed the conviction and sentence on direct appeal.
 
 Barnes v. State,
 
 935 So.2d 501 (Table) (Fla. 1st DCA 2006).
 

 Barnes filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing in part that trial counsel was ineffective for failing to request a jury instruction on the justifiable use of non-deadly force. Barnes alleged that the non-deadly force instruction supported his theory that the victim accidentally impaled himself. The trial court denied the motion and Barnes’ subsequent motion for rehearing. Barnes appealed. Because the trial court’s order denying relief together with the attachments did not conclusively refute Barnes’ allegations, we reversed the trial court’s denial with respect to the ineffective assistance claim and remanded with instructions to attach portions of the record that conclusively refuted Barnes’ claims or to conduct an evidentiary hearing.
 
 Barnes v. State,
 
 983 So.2d 47, 47-48 (Fla. 1st DCA 2008). On remand, the trial court appointed counsel for Barnes and conducted an evidentiary hearing.
 

 At the evidentiary hearing, trial counsel testified that he believed that Barnes’ version of the events, particularly Barnes’ statements to police, constrained him to advancing a theory of justifiable homicide, which would require a deadly force instruction, rather than an accidental impalement theory, which would require a non-deadly force instruction. In support of his decision, trial counsel drew upon his jury trial experience, explaining that juries are often skeptical of theories of accidental homicide. Further, he noted that when he used an accidental homicide theory in another trial, the argument was unsuccessful. Trial counsel also compared Barnes’ case to an accidental homicide case in which he requested a non-deadly force instruction. In that case, trial counsel argued that the defendant “was justified in pointing a gun at the victim and then the victim grabbed the gun and the gun went off accidentally.” In distinguishing the instant case, trial counsel pointed to Barnes’ self-defense claims during the police interview. He believed that those statements precluded him from arguing accidental homicide and, as a result, did not warrant requesting a non-deadly force instruction. Ultimately, trial counsel testified that his decision to request only the deadly force instruction was successful “to some effect” because Barnes was convicted of manslaughter, not second-degree murder.
 

 After the hearing, the trial court issued an order granting Barnes’ motion for post-conviction relief and ordered a new trial. The trial court found that evidence was presented during trial that supported two defensive theories of the case: (1) the defendant stabbed the victim in self-defense; and (2) accidental impalement. The trial court concluded that, even though the only evidence supporting the impalement theory was Barnes’ testimony, “a defendant is entitled to a jury instruction on his theory of the case if there is
 
 any
 
 evidence to support it.” Accordingly, the trial court
 
 *1248
 
 found that trial counsel rendered ineffective assistance because “any strategy behind failing to request the instruction was not reasonable under the circumstances.” This appeal followed.
 

 The State argues that the trial court erred in concluding that trial counsel rendered ineffective assistance by failing to request a jury instruction on the justifiable use of non-deadly force because this decision constituted trial strategy. Further, the State asserts that Barnes failed to demonstrate that trial counsel’s failure to request the instruction was prejudicial to his defense. Barnes argues that the trial court correctly determined that trial counsel rendered ineffective assistance. He argues that the testimony and evidence presented at trial support the trial court’s determination that he was also entitled to the non-deadly force instruction. Additionally, Barnes asserts that he demonstrated that trial counsel’s failure to request the additional instruction was prejudicial to his defense. We agree with the State that trial counsel’s strategic decision not to request the instruction was not deficient.
 

 Following the United States Supreme Court’s decision in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Florida Supreme Court has held that for ineffective assistance of counsel claims to be successful, two requirements must be met.
 
 Floyd v. State,
 
 18 So.3d 432, 443 (Fla.2009). First, the defendant must establish that counsel’s performance was deficient.
 
 Id.
 
 at 443. Second, the defendant must establish that counsel’s deficient performance was prejudicial to him or her.
 
 Id.
 
 (citations omitted). When a defendant fails to establish one prong, it is unnecessary to consider the remaining prong.
 
 Stewart v. State,
 
 801 So.2d 59, 65 (Fla.2001).
 

 To establish deficiency under
 
 Strickland,
 
 the defendant must show that counsel’s performance was unreasonable under “prevailing professional norms.” 466 U.S. at 688, 104 S.Ct. 2052. To establish prejudice, the defendant must show that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Id.
 
 Both prongs of the
 
 Strickland
 
 test involve mixed questions of law and fact.
 
 Floyd,
 
 18 So.3d at 443;
 
 Stephens v. State,
 
 748 So.2d 1028, 1033 (Fla.1999). As a result, a mixed standard of review is required: deference to the trial court’s factual findings supported by competent, substantial evidence and de novo review of legal conclusions.
 
 Floyd,
 
 18 So.3d at 443;
 
 Stephens,
 
 748 So.2d at 1033.
 

 There is a strong presumption that counsel “rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”
 
 Strickland,
 
 466 U.S. at 690, 104 S.Ct. 2052. To fairly assess attorney performance, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of the challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.
 
 Id.
 
 at 689, 104 S.Ct. 2052;
 
 Mansfield v. State,
 
 911 So.2d 1160, 1174 (Fla.2005) (counsel is not ineffective for strategic decisions that, in hindsight, did not work to the defendant’s advantage). The defendant bears the burden of proving a claim of ineffective assistance at an eviden-tiary hearing on a Rule 3.850 motion.
 
 Williams v. State,
 
 974 So.2d 405, 407 (Fla. 2d DCA 2007) (citation omitted). The defendant must “overcome the presumption that ... the challenged action ‘might be
 
 *1249
 
 considered sound trial strategy.’ ”
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052 (quoting
 
 Michel v. Louisiana,
 
 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955));
 
 Gray v. State,
 
 972 So.2d 1066, 1066 (Fla. 1st DCA 2008) (applying standard to ineffective assistance claims based on trial counsel’s failure to request a jury instruction). As a result, judicial scrutiny of trial counsel’s performance is highly deferential.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052;
 
 Floyd,
 
 18 So.3d at 443. An attorney’s strategic decision does not “constitute ineffective assistance if alternate courses of action have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.”
 
 Chavez v. State,
 
 12 So.3d 199, 207 (Fla.2009).
 

 We conclude that Barnes failed to meet the first prong outlined in
 
 Strickland.
 
 Trial counsel was not deficient when he made the strategic decision not to request a jury instruction on the justifiable use of non-deadly force. Trial counsel’s testimony at the evidentiary hearing demonstrates that he considered requesting a non-deadly force instruction but ultimately ■discarded this option for several reasons. He pointed to Barnes’ statements during the police interview and to credible conflicting testimony and evidence presented at trial in support of his decision not to request the instruction. Additionally, trial counsel testified that, in his experience, accidental homicide theories are not often successful in jury trials. He also compared the instant case to a case in which he requested a non-deadly force instruction. In distinguishing the instant ease, trial counsel explained that because he opted not to pursue the accidental impalement theory, he believed the non-deadly force instruction did not apply. Trial counsel’s strategic decision was reasonable under norms of professional conduct. Therefore, trial counsel’s failure to request the jury instruction did not render his assistance deficient.
 

 Because Barnes failed to establish the deficiency prong of
 
 Strickland,
 
 we need not consider the prejudice prong. Accordingly, we conclude that the trial court erred in finding that trial counsel rendered ineffective assistance by failing to request the additional jury instruction and reverse the trial court’s grant of post-conviction relief.
 

 REVERSED.
 

 KAHN and WETHERELL, JJ., concur.