WOLF, J.
The State appeals the trial court’s order granting appellant’s postconviction motion in part and vacating appellant’s convictions for aggravated battery on a law enforcement officer and resisting an officer with violence. Because we find no prejudice was established, we reverse for reinstatement of the convictions.
At trial, the State presented the testimony of four witnesses. The injured officer testified that while she was running after appellant during an attempted stop, appellant turned and began punching her in the face. The officer reported appellant hit her several times in the face, got on top of her, continued to hit her in the face, and then threw her onto the hood of a car, after which she fell, hitting her head hard on the concrete. As a result of this altercation, the officer underwent several surgeries, had a plate implanted in her head, and suffered daily from headaches. Photographs of her injuries were published to the jury.
A 15-year-old eyewitness corroborated the officer’s version of events and further stated that he saw appellant “beat [the officer] bad mostly just with his fist.” In addition, two officers who spoke with appellant following the incident testified that appellant admitted to hitting the officer several times. In contrast, appellant testified at trial that he did not hit the officer intentionally. However, appellant conceded he pushed at the officer to get away, and they fell to the ground together where they engaged in a scuffle.
During trial, appellant’s counsel, in an attempt to refresh the recollection of one of the State’s witnesses, referred to a portion of the police report in front of the jury which stated eye-witnesses had seen the officer and appellant fall down a flight of stairs during the incident. The State objected to the partial introduction of the report and invited defense counsel to introduce the report in its entirety. Defense counsel agreed, and the report was introduced. In addition to the reference to eyewitness testimony that the officer and appellant fell down stairs, there was another portion of the report which provided the statement of an eyewitness who did not testify at trial. In the statement, the non-testifying witness reported seeing appellant get on top of the victim, hold her down, and punch her face five to ten times. *279 The non-testifying witness further stated that appellant unsuccessfully attempted to grab the officer’s gun and then picked the officer up and threw her on the hood of her car.
Following trial, appellant was convicted of four offenses. He later filed a rule 3.850 motion attacking his convictions and asserting his counsel was ineffective for introducing the police report. After holding a limited evidentiary hearing, the trial court agreed and vacated the convictions. The State appeals.
Appellate review of a trial court’s order on a postconviction claim of ineffective assistance of counsel following an evidentiary hearing presents a mixed question of law and fact. See Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999). When the trial court’s factual findings are supported by competent substantial evidence, the reviewing court does not “substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court.” Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla.1955); see also Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997). However, the issue of whether counsel was ineffective under those facts is ultimately a question of law and thus is reviewed de novo, calling for an independent review of the trial court’s legal conclusions. See Stephens, 748 So.2d at 1033; see also Carroll v. State, 815 So.2d 601, 610 (Fla.2002).
“[I]n order to prove that trial counsel was ineffective, a 3.850 movant must prove, as well as plead, both prongs of a two-part test: ‘First, the defendant must show that counsel’s performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense.’ ” Bevans v. State, 75 So.3d 345, 347 (Fla. 1st DCA 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To establish prejudice appellant must show “there is a reasonable possibility that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Connor v. State, 979 So.2d 852, 857 (Fla.2007) (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). “Mere speculation that counsel’s error affected the outcome of the proceeding is insufficient.” Strickland, 466 U.S. at 693, 104 S.Ct. 2052. Further, the question of prejudice is a legal inquiry that is reviewed de novo considering all of the evidence presented. See Rimmer v. State, 59 So.3d 763, 778 (Fla.2010) (finding no prejudice was demonstrated given the overwhelming evidence of guilt).
Applying the foregoing principles to the underlying case, to establish prejudice appellant was required to show that the introduction of the police report was so prejudicial that there existed a reasonable probability the jury would have acquitted appellant of aggravated battery on a law enforcement officer and resisting an officer with violence if the report had not been admitted.
Given the overwhelming evidence of guilt introduced at trial, appellant cannot meet this burden. Specifically, the injured officer and an eye-witness testified that appellant punched the officer in the face at least three times. The injured officer testified that she was permanently disfigured as a result of appellant’s actions, and photographs were admitted of these injuries. Two other officers testified appellant confessed to hitting the victim several times. Appellant, at trial, conceded he pushed and hit at the victim to get away. Given this overwhelming evidence of guilt, it could not be said the information in the police report, which only served to corroborate the testimony of four other witnesses, could have reasonably changed the out *280 come of the proceeding. Accordingly, we reverse for reinstatement of appellant’s convictions.
REVERSE.
RAY and MAKAR, JJ., concur.