MARSTILLER, J.
Glenn Arthur Whigham (“Appellant”) seeks reversal of his convictions and sentences for aggravated battery using a firearm, possession of a firearm by a felon, and shooting a deadly missile into a building. He challenges the trial court’s rulings on two statements the prosecutor made during closing arguments. Finding no error, we affirm.
The first statement at issue involves prosecution witness Deborah Flowers, who saw Appellant shoot the victim in the leg with an assault rifle. Appellant contends that the prosecutor improperly vouched for Ms. Flowers’ credibility by saying:
Ms. Flowers was too proud to admit she was getting beat. I told you in opening statement you may not like all the witnesses, you’re going to hear that they have criminal histories, and we didn’t try to hide any of that from you. The witnesses are who they are. We don’t get to pick them. We don’t get to pick who crimes are committed against. But she came in here and she told you the truth about what happened to her.
(Emphasis added). Appellant’s counsel objected to the statement “she told you the truth,” but the trial court overruled the objection.
The court committed no error for the comment was not improper. “[A]n attorney is allowed to argue ... credibility of witnesses or any other relevant issue so long as the argument is based on the evidence.” Miller v. State, 926 So.2d 1243, 1254-55 (Fla.2006). “Improper prosecuto-rial ‘vouching’ for the credibility of a witness occurs ‘where a prosecutor suggests that she has reasons to believe a witness that were not presented to the jury,’ or, stated differently, where the prosecutor ‘implicitly refers to information outside the record.’ ” Jackson v. State, 89 So.3d 1011, 1018 (Fla. 4th DCA 2012) (quoting United States v. Rivas, 493 F.3d 131-37 (3d Cir.2007)). Such vouching did not occur here. Rather, the prosecutor, in rebuttal, appropriately explained Ms. Flowers’ demeanor on the stand after Appellant’s counsel in *276 closing argument attacked her credibility based on her demeanor and purported evasiveness on cross-examination.
The second statement at issue also was made during the prosecutor’s rebuttal argument. Appellant claims the prosecutor improperly commented on his right to remain silent. The prosecutor argued:
But why are you here? Why are you here? Because Ms. Abel suggested to you that you’re here because of this chivalrous man came to the aid of a woman. He did, he came to the aid of Ms. Flowers and up until the point he got the gun, his defense, his actions were justifiable, fighting fists with fighting fists. But he left and he removed himself and that fact and that fact alone is extraordinarily important when you’re considering the law of self-defense and justifiable use of deadly force. Now, Ms. Abel brought up to you all of this doesn’t matter, none of it’s relevant the State of Florida is just bringing all this stuff here to take up your time and keep you from your friends and family. This is here because up until yesterday he says it was somebody else.
(Emphasis added). Here, Appellant’s counsel moved for mistrial, and the trial court denied the motion. Thereafter, the prosecutor continued:
On April 24th, 2010, when this defendant was captured by the Jacksonville Sheriffs Office SWAT team and taken into custody, he told the police someone else did it. Leroy Thomas, so called into question, and that’s why the State of Florida has presented all this evidence to you, it was to show you that this man committed this crime.... So this evidence is not worthless, it’s not useless, it’s State of Florida who has to prove to you beyond a reasonable doubt that this defendant committed this crime.
“In Florida, we have adopted a very liberal rule for determining whether a comment constitutes a comment on silence: any comment which is ‘fairly susceptible’ of being interpreted as a comment on silence will be treated as such.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). “We must apply harmless error analysis to the fairly susceptible comment in order to obtain the requisite discriminatory capacity.” Id. at 1136. “To determine whether a prosecutor has improperly commented on a defendant’s right to remain silent, it is necessary to evaluate the actions of the prosecutor in context rather than focus on the challenged statement in isolation.” Bright v. State, 90 So.3d 249, 260 (Fla.2012).
Viewed in context, we do not interpret the prosecutor’s statement as a comment on Appellant’s right to remain silent. Rather the prosecutor highlighted for the jury the inconsistency between what Appellant told police upon being arrested— that a man named Leroy Thomas shot the victim — and the defense he presented at trial. Appellant’s statement was admitted into evidence, as was testimony about a letter he wrote to the victim while in jail telling her to stick to the story that Leroy Thomas shot the victim. The prosecutor argued to the jury that the Appellant’s statement, together with the rest of the State’s evidence, refuted the claim of self-defense. We conclude that the prosecutor properly commented on the admitted evidence, and that the trial court correctly denied Appellant’s motion for mistrial.
AFFIRMED.
THOMAS and WETHERELL, JJ., concur.