IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

 Appellant,

v.

DAMIEN C. LING,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4714

Opinion filed March 10, 2017.

An appeal from the Circuit Court for Leon County.
Kathleen F. Dekker, Judge.

Pamela Jo Bondi, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellant.

Kevin Alvarez of Law Office of Kevin Alvarez P.A., Tallahassee, for Appellee.

ROWE, J.

 The State appeals the postconviction court's order granting Damien Ling a new trial on the charge of possession of a firearm by a convicted felon. Ling filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The lower court granted the motion, concluding Ling's trial counsel was

ineffective for failing to object to certain comments made by the prosecutor during closing argument, and the failure to object to the comments prejudiced Ling. Because we find that the comments were a fair response to arguments presented by the defense, we reverse the order granting postconviction relief.

*Facts*

Ling was charged with possession of cocaine, possession of cannabis, possession of a firearm by a convicted felon, and two counts of resisting an officer without violence. The possession of a firearm count and one of the counts for resisting an officer were severed from the drug possession counts and the case proceeded to trial. Before trial, the parties agreed that no reference would be made to the cocaine found in the parked car Ling admitted to have been driving the evening of his arrest, but they agreed that testimony regarding the marijuana found in the car could be presented to the jury. At trial, witnesses testified that a gun was found in the driver's side door of the car, and that marijuana was found throughout the car, including inside a backpack in the back seat.

Ling was not in the car at the time police approached. But Ling's two nephews—ages eleven or twelve and fifteen—were in the back seat. Defense counsel argued that the backpack—and the marijuana inside—may have belonged to Ling's nephews, and that the gun may have belonged to them, too. Specifically, defense counsel suggested that both the marijuana and the gun may have been in the

2

backpack, and that Ling's nephews may have placed the gun in the driver's side door when the officer approached, so that Ling would "take the fall for the gun." To buttress this theory, defense counsel argued that kids, rather than adults, carry backpacks. In rebuttal, the prosecutor stated, "And I'm sorry, but again, use your own common sense. Adults don't carry backpacks? Really? Drugs and guns go together. And the gun in this case belonged to the defendant and so did the drug[s], ladies and gentlemen." The prosecutor added, "And there's drugs in the car. That's why the gun is there, too, ladies and gentlemen." Ling's counsel did not object to these statements.

After his convictions and sentences for possession of a firearm by a convicted felon and resisting an officer without violence were affirmed on direct appeal,[1] Ling moved for postconviction relief raising several arguments, including a claim that his counsel was ineffective for failing to object to the prosecutor's remarks linking the marijuana and gun together. At an evidentiary hearing, Ling's trial counsel explained that he did not try to hide the fact that marijuana was found in a backpack in the back seat of the car, because his trial strategy was to deflect blame onto Ling's nephews. Trial counsel considered this fact a key strength of the defense. Further, he indicated, and Ling acknowledged, that this strategy was undertaken with Ling's approval.

---

[1] Ling v. State, 2014 WL 4101593, at *1 (Fla. 1st DCA 2014).

The court granted Ling's motion for postconviction relief, concluding that the prosecutor's statements linking "drugs and guns" were improper because they suggested Ling was guilty of marijuana possession—a crime for which he was not on trial—and further, that because he was guilty of possessing marijuana, he was also guilty of possessing a firearm. The court concluded that if counsel had objected, Ling would have been entitled to either a mistrial or a strongly worded curative instruction. Because the court was not convinced the failure to object did not contribute to the verdict, it ordered a new trial on the possession of a firearm charge. The State appealed.

*Analysis*

Appellate review of an ineffective assistance of counsel claim after an evidentiary hearing presents a mixed question of fact and law. Cardenas v. State, 49 So. 3d 322, 325 (Fla. 1st DCA 2010). The appellate court defers to the postconviction court's findings of fact to the extent they are supported by competent, substantial evidence, but independently reviews the court's legal conclusions as to the alleged ineffectiveness of the defendant's counsel and the resulting prejudice under the standard outlined in Strickland.[2] Stephens v. State, 748 So. 2d 1028, 1031-

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment.

4

34 (Fla. 1999); see also Sochor v. State, 883 So. 2d 766, 771 (Fla. 2004) ("When we review a circuit court's resolution of a Strickland claim, as we do here, we apply a mixed standard of review because both the performance and the prejudice prongs of the Strickland test present mixed questions of law and fact."). The State argues the postconviction court's legal conclusion that Ling's counsel was deficient for failing to object to the prosecutor's rebuttal argument was incorrect because the prosecutor's comments were invited by the defense. The State argues Ling would not have been entitled to mistrial, nor even a curative instruction, had counsel objected to the remarks. We agree.

"A prosecutor's argument should be examined in the context in which it is made." Stancle v. State, 854 So. 2d 228, 229 (Fla. 4th DCA 2003). "This is particularly so where invited by the nature of the defense." Id. "A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject." Walls v. State, 926 So. 2d 1156, 1166 (Fla. 2006); see also Ferguson v. State, 417 So. 2d 639, 642 (Fla. 1982) (finding no impropriety in "comment [] made on rebuttal in response to the theory presented by the defense during its closing argument").

---

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.").

5

Where defense counsel places an issue before the jury in closing argument, the prosecution is permitted to respond, and "the defense may not be granted a new trial because the state 'rose to the bait.'" Brown v. State, 367 So. 2d 616, 625 (Fla. 1979).

Ling argues in his postconviction motion and on appeal that the prosecutor's remarks improperly suggested he was guilty of conduct for which he was not on trial. However, notwithstanding the severance of Ling's drug possession charges, he expressly agreed to allow evidence of the marijuana found in the car because it was central to his theory of defense. Indeed, the presence of marijuana was known to the jury from the outset of trial, when the defense referred to Ling's vehicle as a "cannabis car" during opening statements. Further, the implication that "drugs and guns go together" was introduced by the defense during closing argument, and it was central to the theory that both the marijuana and the gun may have belonged to Ling's nephews, rather than to Ling. Thus, because the prosecutor's rebuttal argument fell well within the bounds of an invited reply to the defense's closing argument, the postconviction court erred in finding that Ling would have been entitled to a mistrial or curative instruction if counsel had objected. See Hitchcock v. State, 991 So. 2d 337, 361 (Fla. 2008) ("Counsel cannot be deemed ineffective for failing to make a meritless objection.").

Because we conclude that Ling's trial counsel was not deficient for failing to object to the prosecutor's remarks, we need not address the prejudice prong of the

ineffective assistance claim.  See Strickland, 466 U.S. at 697 (noting that in reviewing ineffective assistance claims, courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one").  However, even if counsel's failure to object did constitute deficient performance, the omission was not so serious as to deprive Ling of a fair trial.  See id. at 687.

Accordingly, the order granting postconviction relief is REVERSED and we REMAND for reinstatement of Ling's conviction.  See, e.g., State v. Woodel, 145 So. 3d 782, 807 (Fla. 2014) (plurality opinion).

B.L. THOMAS and WINSOR, JJ., CONCUR.