# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-0064

_____

LEO C. BETTEY JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

April 18, 2018

B.L. THOMAS, C.J.

Appellant appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the order denying relief for the reasons discussed below.

Following a jury trial, Appellant was convicted of four counts of capital sexual battery on a person under the age of 12 for specific sexual acts on M.B. and J.B., and was sentenced to concurrent terms of life in prison. This court affirmed his convictions and sentences, without opinion. *Bettey v. State*, 136 So. 3d 1216 (Fla. 1st DCA 2014).

Appellant filed a postconviction motion arguing that he should have been tried by twelve jurors instead of six. The trial court denied the motion, and this court dismissed that appeal.[1]

Appellant next filed a timely motion for postconviction relief alleging four claims of ineffective assistance of counsel.[2] A claim of ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668, 690 (1984). To prove ineffective assistance, an appellant must allege 1) the specific acts or omissions of counsel which fell below a standard of reasonableness under prevailing professional norms, *see id.* at 690; and 2) that the appellant's case was prejudiced by these acts or omissions such that the outcome of the case would have been different, *see id.* at 694. To prove the first prong, "[t]he defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant." *Blackwood v. State*, 946 So. 2d 960, 968 (Fla. 2006) (citing *LeCroy v. Dugger*, 727 So. 2d 236, 239 (Fla. 1998)). The prejudice prong requires that Appellant demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Appellant must demonstrate a likelihood of a different result

---

[1] Although Appellant's appeal was dismissed following non-payment of the filing fee or submission of the trial court's order of insolvency, such a claim is meritless. *See Williams v. Fla.*, 90 S. Ct. 1893 (1970); *State v. Hogan*, 451 So. 2d 844 (Fla. 1984).

[2] Appellant's fourth claim was one of cumulative error. As we hold Appellant's claims in grounds one through three were meritless, as explained below, ground four was meritless as well. *See Morris v. State*, 931 So. 2d 821, 837 (Fla. 2006) (denying claim based on cumulative error where the individual claims making up the cumulative claim were either procedurally barred or without merit).

which is substantial and not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

In ground one, Appellant alleged that counsel was ineffective for failing to secure a ruling on a motion for a statement of particulars that sought to narrow the time frame during which the alleged offenses occurred. The information alleged that the three offenses against M.B. occurred between April 1, 2010 and April 10, 2012, while the offense against J.B. was alleged to have taken place between December 11, 2011 and April 9, 2012. Appellant alleged that if counsel had secured a ruling on the motion for a statement of particulars, and had the time frame shortened in the information, the State would not have been able to prove that the crimes occurred during that time frame. Thus, Appellant argues, he would have been entitled to be discharged, because "[w]hen a bill of particulars narrows the time within which the crime occurred, and the prosecution fails to show the defendant committed the offense within that time frame, a conviction on the charge must be reversed." *Audano v. State*, 674 So. 2d 882 (Fla. 2d DCA 1996) (citing *State v. Jefferson*, 419 So. 2d 330, 331-32 (Fla. 1982)).

At trial in March 2013, M.B. testified that she was eight years old and that the abuse started when she was three. The State also introduced a video of the victims' interviews with a Child Protective Team member that occurred on April 12, 2012. In the interview, M.B. stated that the abuse started when she was five and continued until shortly before the interview. J.B. testified at trial that she was six years old, and that the abuse began when she was five years old; in her interview with the Child Protective Team member, J.B. stated she was five years old and she was not sure when the abuse started, but she was probably four years old.

Thus, the testimony indicates that the victims could not provide exact dates, but could only provide how old they were at the time, therefore, the State would not have been able to produce a statement of particulars. But contrary to Appellant's arguments, this would not have led to an acquittal or dismissal of the charges, as the State may charge a date range, and need not specify exact dates if they are not known. *See Lightbourne v.*

3

*State*, 438 So. 2d 380, 384 (Fla. 1983). The two-year date ranges alleged by the State were proper. *Id.* ("[I]t is not necessary that an indictment or information state the exact date of the offense if such date is not known."). Because the State could not narrow the time frame, and Appellant was not hindered in his ability to raise a defense, his claim fails. *Cf. Dell'Orfano v. State*, 616 So. 2d 33 (Fla. 1993) (noting that 27-month time frame is not per se objectionable in a sexual-battery case). Thus, Appellant cannot show that he was prejudiced by counsel's failure to secure a ruling on his motion for a statement of particulars.

In ground two, Appellant alleged that counsel was ineffective for failing to move for a judgment of acquittal, because the State failed to prove that the crimes occurred during the range of the dates alleged in the information. This claim is meritless as well. The evidence was sufficient to show that M.B.'s abuse occurred between April 1, 2010 (when she would have been five years old) and April 12, 2012. Further, the evidence indicated the abuse to J.B. occurred when she was five years old, a period of time encompassed in the December 11, 2011 to April 2012 date range.

Finally, even if the State failed to prove the crimes occurred during the dates alleged, Appellant would not be entitled to relief. In order to overcome a motion for judgment of acquittal, the State must put forth evidence of each *element* of the crime. *See K.S. v. State*, 840 So. 2d 1116 (Fla. 1st DCA 2003). The State was not required to prove that the crime took place on the exact dates listed in the information, as that is not an element of the offense. In *Tingley v. State*, 549 So. 2d 649, 651 (Fla. 1989), the supreme court held that the date of a sexual offense alleged in the information does not have to be proven at trial:

> [T]ime is not ordinarily a substantive part of an indictment or information and there may be a variance between the dates proved at trial and those alleged in the indictment or information as long as: (1) the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither surprised nor hampered in preparing his defense.

4

Here, the crime was committed before Appellant was charged, and there could be no statute of limitations violation.[3]

Finally, there was no hampering of the defense. Both victims alleged the acts occurred when they were five years old and living with Appellant. As such, any motion for judgment of acquittal based on the failure to prove the date of the crime could not have been granted.

In ground three, Appellant argued that counsel was ineffective for failing to object to the following statements made by the prosecutor during closing argument, which he contends (1) bolstered the credibility of the witnesses and (2) demeaned his defense:

(a) "It's not reasonable to believe that they weren't doing anything other than telling you the truth."
(b) the CPT interviewer "has no interest in the outcome of this case";
(c) "the truth is what [the victims] told you happened";
(d) "there's no reasonable reason for these girls to lie";
(e) it was painful for both victims to tell the truth;
(f) the victims' mother was "telling you the truth";
(g) "the truth is what [the victims] told you";
(h) the victims' disclosures could not be "anything other than the truth"; and
(i) the Child Protective Team interviewer "didn't have an interest in this case."

"Improper prosecutorial 'vouching' for the credibility of a witness occurs 'where a prosecutor suggests that she has reasons to believe a witness that were not presented to the jury,' or, stated differently, where the prosecutor 'implicitly refers to information outside the record.'" *Whigham v. State*, 97 So. 3d 274, 275 (Fla. 1st DCA 2012) (quoting *Jackson v. State*, 89 So. 3d 1011, 1018 (Fla. 4th DCA 2012)). However, where the arguments arose in

---

[3] There is no statute of limitations for capital sexual battery. *See* § 775.15(1), Fla. Stat. (2012).

5

the context of explaining why the jury should find the witness credible based upon the evidence, a prosecutor's comments that a State witness was open, honest, and telling the truth were held to be a valid expression of the prosecutor's opinion. *Jackson*, 89 So. 3d at 1018-19.

Here, nothing in the challenged arguments indicates that the prosecutor was relying on information outside of the record or that he had reasons to believe the victims or the victims' mother that were not presented to the jury. The context of the statements indicate that the prosecutor was arguing why the jury should find the victims credible.

As to statement (a), the prosecutor provided three reasons for his assertion that the victims were credible: they took an oath, their testimony was very specific regarding the sexual acts which occurred, and they did not have a reason to lie. As to statements (b) and (i), the prosecutor stated that the interviewer did not know the victims or the victims' family, and thus did not have any interest in the outcome of the case other than to protect the children. As to statement (c), the prosecutor alleged that what the victims said was the truth was based on the evidence. As to statement (d), the prosecutor was arguing that, contrary to Appellant's defense, the victims did not have a motive to lie so their mother could get Appellant's house, as they already had possession of that house. As to statement (e), the State was making the common-sense observation that it would be easier for the victims to deny the abuse than to speak in detail of the abuse with their mother, multiple Department of Children and Families investigators, the State Attorney's office, and in front of the jury. As to statement (f), the prosecutor was arguing that it would have been easier for the mother to make the allegations than to have both of her daughters make the allegations. As to statement (g), the prosecutor was arguing that the victims were telling the truth based on the evidence. Thus, all the challenged statements were fair arguments, based on the evidence as to why the witnesses should be believed.

6

As to the State's alleged demeaning of Appellant's defense,[4] Appellant objected to the prosecutor's arguments that: (1) the testimony about the quitclaim deed is not something the jury has to consider; (2) Appellant's defense is not something for the jury to consider; (3) nothing that defense counsel talked about in her closing argument mattered; and (4) the only thing that mattered was the testimony of the victims, not Appellant's defense. "If 'improper comments by a prosecutor do not constitute reversible error, the defendant 'cannot demonstrate the prejudice requisite for a successful ineffective assistance of counsel claim' relating to counsel's failure to object to the comments." *Taylor v. State*, 120 So. 3d 540, 551 (Fla. 2013) (quoting *Lugo v. State*, 2 So. 3d 1, 17 (Fla. 2008)).

To show entitlement to a new trial based upon improper prosecutorial comments, such comments must

> either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.

*Walls v. State*, 926 So. 2d 1156, 1167 (Fla. 2006) (quoting *Spencer v. State*, 645 So. 2d 377, 383 (Fla. 1994)). "Wide latitude is permitted in arguing to a jury. Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments." *Breedlove v. State*, 413 So. 2d 1, 8 (Fla. 1982) (citations omitted).

None of the allegedly objectionable comments were improperly insulting or demeaning to Appellant's defense. Instead, the prosecutor was arguing that the evidence suggested that Appellant's defense was not credible. Specifically, Appellant alleged that the victims fabricated the abuse, because their mother wanted possession of Appellant's house, which he had

---

[4] Appellant alleged that his defense was that the victims' mother coached the victims into making the allegations in order to gain possession of his house.

7

signed over to her in a quitclaim deed. However, the challenged comments were fair argument that Appellant's defense was not persuasive, as Appellant signed the quitclaim deed four months before the victims came forward with the allegations, and the mother could possess the house without forcing her children to fabricate and report graphic sexual abuse allegations. The prosecutor's statement that nothing Appellant's attorney talked about in closing argument mattered, or that only the children's testimony should be believed, constituted a valid argument that Appellant's defense was not reasonable in light of the evidence.

Here, two small children testified in graphic detail as to Appellant's sexual abuse of them. Even were we to hold that defense counsel provided deficient representation, which we do not, we would hold that none of the alleged errors of counsel prejudiced Appellant, as there is no reasonable probability that he would have been acquitted. Thus, Appellant has failed to demonstrate prejudice. *Strickland*, 466 U.S. at 694.

AFFIRMED.

WOLF and RAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Leo C. Bettey Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.