# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4266

_____

ERNEST L. GRANDISON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Wesley R. Douglas, Judge.

February 27, 2019

KETCHEL, TERRANCE R., ASSOCIATE JUDGE.

A jury convicted Appellant of robbing a convenience store and fatally shooting one owner. Appellant wore a "mask"—a Zorro-style hat and pieces of duct tape across his nose area and on the side of his neck. The owner's wife was behind the store counter during the robbery and shooting, and the entire incident was recorded on surveillance video.

Appellant claims the postconviction court erred in denying his rule 3.850 motion after a hearing. We find no error in the court's denial and affirm.

More particularly, Appellant claims counsel was ineffective for his handling of the wife's eyewitness testimony and eyewitness

jury instruction, and for failing to object to prosecutorial comments in rebuttal closing. Finally, he claims cumulative error.

## Ineffective Assistance of Counsel

Ineffective assistance requires Appellant prove deficiency and prejudice. *See Bettey v. State*, 244 So. 3d 364, 366 (Fla. 1st DCA 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984)).[*] If there was an evidentiary hearing, as there was here, this Court defers to the postconviction court's factual findings, credibility decisions, and weight determinations. *State v. Dickson*, 89 So. 3d 277, 279 (Fla. 1st DCA 2012). Whether those facts mean counsel was deficient and Appellant was prejudiced, however, are legal questions reviewed de novo. *Id.*

## Eyewitness Identification and Instruction

Appellant argues trial counsel failed to address the wife's eyewitness identification appropriately; he did not investigate and challenge it at trial, call an expert, discuss it during voir dire, request the jury instruction, or argue it during closing. Appellant's arguments fail: he cannot show either deficiency or prejudice.

Florida has a special instruction for eyewitness testimony. It instructs jurors to consider the typical witness factors and then informs them they may also consider other enumerated factors as to eyewitnesses: length of time of the observation, timing of the observation, suggestiveness, inconsistent identifications, failure to identify, familiarity with the person, time between the incident and identification, and similarity of race or ethnicity. Fla. Std. Jury Instr. (Crim.) 3.9(c).

Here, counsel did not request the instruction. But he spoke to the jury about the wife's eyewitness identification and used the components from the instruction in that discussion. Counsel also explained not deposing the wife was tactical, and he detailed cogent reasons for not wanting to depose her. Finally, counsel

---

[*] If Appellant fails to show either prong, the claim is insufficient; there is no particular order for courts to address the prongs. *Hurst v. State*, 18 So. 3d 975, 996 (Fla. 2009).

2

explained an expert would not have been helpful here; the jury had video and still shots from the video and could make its own decision. An expert would be of no assistance.

Thus, the jury could easily make its own determination on identification, and counsel requested the jury critically evaluate the wife's identification. The lack of the detailed eyewitness instruction and counsel's decision not to call an expert are not deficient—a decision outside the "wide range of reasonable professional assistance." Appellant failed to show deficiency.

Moreover, in light of the same facts, the lack of instruction and counsel's performance surrounding the wife's identification did not prejudice Appellant. First, counsel challenged the wife's identification through cross-examination, and he highlighted his challenge in closing. Second, he used the instruction—whether it was officially given to the jury or not. Third, there was evidence independent of the wife's identification; this case did not hinge on her identification. Fourth, the jury could make its own determination about that independent evidence. It could review the video and still photos of the robbery, look at the barely disguised man, and compare that to Appellant—all without factoring any eyewitness identification. Appellant therefore failed to show any deficiency undermined confidence in the trial's outcome or that he was deprived of that, a fair trial with a reliable result. Therefore, he not was prejudiced.

## Prosecutorial Comments

Next, Appellant argues the prosecutor improperly attacked the jury instructions and that defense counsel was ineffective for failing to object. We find the comments were an invited response to defense counsel's closing argument, and thus not improper.

If a prosecutor's comments are in direct response to defense counsel's closing argument, the comments are permissible under the invited response doctrine. *State v. Ling*, 212 So. 3d 530, 533 (Fla. 1st DCA 2017); *see Bell v. State*, 108 So. 3d 639, 649 (Fla. 2013) (explaining that even improper comment is saved if it is an invited response); *Walls v. State*, 926 So. 2d 1156, 1166 (Fla. 2006) ("A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of

defense counsel concerning the same subject.").  The prosecution is entitled to respond when defense counsel places an issue before the jury in closing.  *Ling*, 212 So. 3d at 533.

Here, the State maintained throughout the trial that Appellant was the shooter.  It told the jury this in its closing argument and read the jury the instruction that Appellant was only guilty if he actually killed the owner.  Yet in response, defense counsel discussed the principal instruction with the jury and told it the instruction indicated the State was not certain who the shooter was.  Only then, in rebuttal closing did the State address "the defense proposition that the State is unsure of who did this." In that context, the State mentioned not supporting every instruction or lesser included instruction but agreeing with the instructions on the crime charged and that the State had always maintained Appellant was the shooter.

In context, the isolated comment about the principal instruction and not supporting every instruction is merely direct response to defense counsel's argument.  The State told the jury to ignore lesser included crimes and focus on what crimes were charged and what evidence existed for that.  As an invited response, the failure to object was not constitutionally deficient. *See Bell*, 108 So. 3d at 649 (explaining that even improper comment is saved if it is an invited response).  Moreover, because the State consistently and repeatedly maintained Appellant was the shooter, and the evidence supported that position, a lack of objection, even if deficient, does not undermine confidence in the trial's outcome.  That is, Appellant was not prejudiced.

### Cumulative Error

Because we find no individual error, Appellant's claim of cumulative error is meritless.  *See Pryear v. State*, 243 So. 3d 479, 486 (Fla. 1st DCA 2018).

### Conclusion

Counsel's handling of the wife's eyewitness testimony and eyewitness identification jury instruction were not deficient. Counsel discussed identification issues with the jury and made a tactical decision tied to the specific identification in this case.  Not

4

to mention, any deficiency did not undermine confidence in the jury verdict—especially given the jury's ability to independently evaluate the surveillance video and see for itself any resemblance. Next, counsel's lack of objection to the prosecutor's rebuttal closing argument was not deficient. Counsel claimed the principal instruction showed the State lacked confidence in which man was the shooter; the State simply, and permissibly, responded.

Accordingly, the postconviction court's denial is AFFIRMED.

B.L. THOMAS, C.J., and WINOKUR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ernest L. Grandison, pro se, Appellant.

Ashley B. Moody, Attorney General, and Sharon Traxler, Assistant Attorney General, Tallahassee, for Appellee.