# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2911
_____

STATE OF FLORIDA,

　　Appellant,

　　v.

ANTHONY SMITH,

　　Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

April 11, 2019

KETCHEL, TERRANCE R., ASSOCIATE JUDGE.

The State appeals the postconviction court's grant of Smith's 3.850 motion. We reverse.

## Facts

Smith was charged and convicted in the armed robbery of two victims while the victims waited in a Taco Bell drive-thru. During trial, Smith testified on his own behalf. After other questions, defense counsel asked Smith "Where were you that night, if you know?" The State objected. At sidebar, the State argued that defense counsel had not provided the proper notice of alibi. Defense counsel explained she expected Smith's answer to be he really did not know, but he would have normally been with his grandmother; she stated that she really did not expect Smith

to offer an alibi. Defense counsel then offered to withdraw the question and to move to something else. She explained she was not exactly sure what answer Smith would give and "he might go on . . . he has a tendency to talk a lot."

The jury convicted Smith of armed robbery and simple robbery. This Court per curiam affirmed his direct appeal, and he moved for post-conviction relief under rule 3.850. Relevant here, Smith argued that trial counsel was ineffective for withdrawing her alibi question because there was no requirement a defendant file a notice of intent if it is the defendant testifying to an alibi; and he also argued defense counsel was ineffective for failing to investigate and call his grandmother as a witness to support the alibi.

Defense counsel testified at the evidentiary hearing that Smith had told her about his grandmother, and that she had investigated but concluded that the alibi was not a good alibi. As to withdrawing her question, counsel explained her intent was to sneak the alibi idea in without focusing on it; she felt the alibi, in general, was weak. When the State objected, she felt it did not matter because she was worried Smith would continue to talk and say something that would hurt his case.

The postconviction court granted Smith's motion as to the claim defense counsel was ineffective for withdrawing the question after she asked it. The State now appeals.

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel requires both deficiency and prejudice. *Bettey v. State*, 244 So. 3d 364, 366 (Fla. 1st DCA 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984)); *see Hurst v. State*, 18 So. 3d 975, 996 (Fla. 2009) (noting that failure of either prong precludes relief). We review de novo the postconviction court's legal conclusions regarding whether the facts it finds show both deficiency and prejudice. *State v. Dickson*, 89 So. 3d 277, 279 (Fla. 1st DCA 2012).

2

### *Deficiency*

Deficiency requires that counsel was not really functioning as "counsel" guaranteed by the Sixth Amendment; i.e., performance "outside the wide range of reasonable professional assistance." *Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st DCA 2001). This Court is "highly deferential" to counsel's performance; it will not second-guess tactical or strategic decisions. *Pietri v. State*, 885 So. 2d 245, 252 (Fla. 2004); *see State v. Barnes*, 24 So. 3d 1244, 1249 (Fla. 1st DCA 2009). The standard looks for "reasonably effective assistance." *Strickland*, 466 U.S. at 687.

The deficiency question here is whether the improper objection by the State[*] and the resulting sidebar discussion with the court that led defense counsel not to pursue the alibi question was "reasonably effective assistance" by defense counsel. *See Strickland*, 466 U.S. at 687. Here, defense counsel's consistent statements (both during the trial sidebar and the post-conviction hearing) revealed she withdrew her question due to strategy: she stated that she did not want to ask Smith an open-ended question because Smith had a tendency to talk, and she feared he would say something that would hurt his case, even if unintentionally. Such strategic reasoning is not "outside the wide range of reasonable professional assistance."

In addition, there is no support for Smith's contention that defense counsel failed to pursue the alibi question because she lacked knowledge of the rule permitting her to ask the question. In fact, counsel testified at the evidentiary hearing to her reasons: she did not want to ask an open-ended question and feared what Smith might say in response; thus, she was fine—strategically—with withdrawing the question.

Accordingly, we find the trial court erred in concluding defense counsel's performance was deficient.

---

[*] The State's objection was clearly improper. Fla. R. Crim. P. 3.200 (stating a court cannot exclude a defendant's own alibi testimony for failure to file and serve proper notice of an alibi defense).

## *Prejudice*

Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"—"a probability sufficient to undermine confidence in the outcome." *Hunter v. State*, 817 So. 2d 786, 794 (Fla. 2002). Counsel's error(s) must have had more than "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

Even if counsel's performance was deficient, there is no "reasonable probability" the results of the trial would have been different if Smith had been allowed to answer the question "Where were you that night?" *See Hunter*, 817 So. 2d at 794 (defining prejudice). Smith's self-serving statement that he was at his grandmother's would not likely have led to a different result, particularly considering that the grandmother would not have been called as a witness to corroborate. It is unlikely the jury would have believed Smith's testimony concerning his whereabouts when it rejected his testimony that he did not commit the crime, when other evidence, including DNA evidence, indicated otherwise. Furthermore, defense counsel explained Smith's testimony was expected to be vague anyway—that he did not recall the night specifically, but he was generally always at his grandmother's. This is in addition to the potential for other harmful testimony that Smith may have said if he was allowed to answer an open-ended question, which was defense counsel's stated strategic concern.

Thus, Smith did not undermine confidence in the outcome, and the postconviction court erred in its legal conclusion Smith showed prejudice.

## Conclusion

Smith did not show defense counsel's performance was deficient in that defense counsel made a strategic decision to not permit Smith to answer an open-ended question. Even if it was deficient, however, Smith did not show that this error undermined confidence in the outcome or created a reasonable probability the result of the trial would have been different.

4

Accordingly, for each of these reasons the trial court erred in granting Appellant's 3.850 motion. The order granting Appellant's 3.850 motion is REVERSED.

B.L. THOMAS, C.J., and WINOKUR, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Eddie D. Evans, Assistant State Attorney, Tallahassee; Ashley Moody, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellant.

No appearance for Appellee.